GUPTA, Appellee and Cross–Appellee,

v.

THE LIMA NEWS, Appellee and Cross–Appellant; Lima
Memorial Hospital, Appellant and Cross–Appellee.

[Cite as *Gupta v. The Lima News* (2001), 143 Ohio App.3d 300.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–99–83.

Decided Feb. 5, 2001.

*Neil F. Freund* and *Julie M. Olson,* for cross-appellee Narendra Gupta, M.D.

*Donald J. Witter* and *John A. Bussian,* for appellee and cross-appellant The Lima News.

*Michael J. Malone,* for appellant and cross-appellee Lima Memorial Hospital.

---

WALTERS, Presiding Judge.

Appellant and cross-appellee Lima Memorial Hospital appeals a judgment of the Court of Common Pleas of Allen County, ordering an in-camera inspection of the peer review records of Narendra K. Gupta, M.D. For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

The record reflects the following pertinent facts. On October 1, 1998, Dr. Gupta brought a complaint against appellee and cross-appellant The Lima News, alleging defamation, libel, and intentional infliction of emotional distress, stemming from a November 7, 1997 newspaper article regarding a medical malpractice suit verdict. On November 17, 1998, The Lima News moved the trial court for summary judgment on this matter.

Thereafter, on April 15, 1999, The Lima News issued a subpoena for the peer review records from appellant regarding Dr. Gupta's staff privileges and performance at Lima Memorial Hospital. On June 15, 1999, after appellant refused to produce the records, appellee moved the trial court to compel discovery and enforce the subpoena. Subsequently, both Dr. Gupta and appellant opposed appellee's motion, arguing that the peer review records are privileged and confidential pursuant to both the Federal Health Care Quality Improvement Act of 1986 ("HCQIA"), Section 11101, Title 42, U.S. Code *et seq.* and R.C. 2305.251 and 2305.252. On August 31, 1999, Dr. Gupta also moved the trial court for summary judgment on his complaint.

On September 13, 1999, the trial court entered an order staying appellee's motion to compel discovery and enforce the subpoena. In doing so, the court reasoned that the HCQIA does not provide a federal statutory privilege for peer review proceedings. However, the court held that R.C. 2305.251 governs the ultimate determination of the motion and ordered an in-camera inspection to determine which evidence, if any, is discoverable pursuant to the statute. Appellant then filed a notice of appeal from this order on October 13, 1999.

■ Subsequently, on October 21, 1999, the trial court dismissed the underlying case by granting appellee's motion for summary judgment and denying Gupta's motion for summary judgment. This judgment rendered moot appellant's appeal of the trial court's stay and in-camera inspection order. However,

on July 28, 2000, this court reversed the trial court's summary judgment, holding that there is a genuine issue of material fact concerning the truth or falsity of the November 7, 1997 newspaper article. See *Gupta v. The Lima News* (2000), 139 Ohio App.3d 538, 744 N.E.2d 1207, discretionary appeal denied (2000), 90 Ohio St.3d 1468, 738 N.E.2d 381. Accordingly, our reversal of the trial court's grant of summary judgment revived appellant's appeal of the trial court's order granting a stay and in-camera inspection.

Appellant now asserts four assignments of error for our review:

"Assignment of Error No. 1

"Consideration of this interlocutory appeal of an evidentiary issue should be stayed until the Ohio Supreme Court has disposed of the currently pending appeal regarding the underlying action.

"Assignment of Error No. 2

"The trial court erred in failing to find that the Health Care Quality Improvement Act of 1986 affords confidentiality and protection from disclosure to Lima Memorial Hospital's peer review records regarding Dr. Gupta.

"Assignment of Error No. 3

"The trial court erred in ordering an *in camera* inspection of the peer review records because no evidence was introduced to overcome the peer review privilege established by Lima Memorial Hospital."

In its reply brief, appellant asserts an additional assignment of error:

"Assignment of Error No. 4

"Since The Lima News failed to file its appellee's brief, this court in accordance with App.R. 18(C) should accept Lima Memorial Hospital's statement of the facts and issues as correct and reverse the trial court's judgment inasmuch as Lima Memorial Hospital's brief reasonably sustains such action."

Following appellant's appeal, appellee cross-appealed, asserting three assignments of error for our review:

"Assignment of Error No. 1

"This court should not consider an appeal of an evidentiary question that might become moot.

"Assignment of Error No. 2

"The trial court erred by concluding that the privilege of R.C. 2305.251 applies in a civil action that is not against a health care entity and did not arise out of matters that were the subject of peer review.

"Assignment of Error No. 3

"The trial court abused its discretion by ordering an *in camera* inspection of the documents at issue, because they were not privileged in the first place."

Prior to addressing any of these assignments of error, we must determine whether the trial court's order is final and appealable.

R.C. 2305.251, which provides for the confidentiality of proceedings and peer review records, provides:

"An order by a court to produce for discovery or for use at trial the proceedings or records described in this section is a final order."

The record, herein, does not reflect that the trial court ordered the peer review records produced for discovery or for use at trial. Rather, the court stayed appellee's motion and ordered an in-camera inspection to determine whether the peer review records are discoverable. Because the trial court has not ruled on the discoverability of the peer review records, the provisions of R.C. 2305.251 are not yet implicated, and the trial court's judgment is not a final appealable order pursuant to R.C. 2305.251.

We must now determine whether the trial court's order is a final appealable order pursuant to R.C. 2505.02, which provides:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"* * *

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

In addressing this issue, the Supreme Court of Ohio previously held:

"The action of a trial court directing a witness opposing a discovery request to submit the requested materials to an *in camera* review so that the court may determine their discoverable nature is not a final appealable order pursuant to R.C. 2505.02." *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 616 N.E.2d

181, at the syllabus, modified on other grounds, *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331. See, also, *In re Vavrock* (Sept. 29, 1993), Union App. No. 14–93–12, unreported, 1993 WL 403572.

In the present case, it would only be after this in-camera inspection and the trial court's subsequent order compelling disclosure that appellant's substantial rights would be implicated. If the trial court herein determines that all of the information is privileged, any issues that may have been the subject of an appeal would be rendered moot. Conversely, if some information is determined to be subject to disclosure, a further appeal could be pursued.

Because the trial court's order of an in-camera inspection does not affect a substantial right as defined by the statute, it does not satisfy the requirements of R.C. 2505.02(B)(1) or (2). Additionally, even assuming, *arguendo,* that the trial court's order is a provisional remedy, R.C. 2505.02(B)(4)(a) and (b) nonetheless operate to preclude appellate review at this juncture.

Accordingly, the trial court's order is not a final appealable order pursuant to R.C. 2305.251 or R.C. 2505.02 and, therefore, we must dismiss this appeal for lack of jurisdiction. As such, we will not address the merits of the parties' assignments of error at this time.

*Appeal dismissed.*

HADLEY and SHAW, JJ., concur.