INGRAM et al., Appellees,

v.

ADENA HEALTH SYSTEM et al., Appellants.

[Cite as *Ingram v. Adena Health Sys.* (2001), 144 Ohio App.3d 603.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 00CA2577.

Decided July 12, 2001.

*Daniel R. Volkema* and *Jennifer K. Thivener,* for appellees George Ingram et al.

*Kevin P. Collins* and *Brant E. Poling,* for appellants Adena Health System et al.

PETER B. ABELE, Presiding Judge.

This is an appeal from the trial court's entry granting plaintiffs' motion to compel production of a personnel file of one of Adena's doctors for an *in-camera* inspection. Plaintiffs were seeking this file to discover whether Adena knew or should have known that this doctor had a substance abuse problem. Appellants argued that the information was not relevant and that the file contained medical records that were privileged from discovery under R.C. 2317.02. We determined that the order appealed might not be a final appealable order and instructed the parties to address this issue.

R.C. 2505.02(B) provides:

"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"(3) An order that vacates or sets aside a judgment or grants a new trial;

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

R.C. 2505.02(B)(4) now provides that an order is a "final order" if it satisfies each part of a three-part test: (1) the order must either grant or deny relief sought in a certain type of proceeding—a proceeding that the General Assembly calls a "provisional remedy," (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

■ To satisfy the definition of "final order" contained in R.C. 2505.02(B)(4), the order at issue must either grant or deny a provisional remedy. Thus, we must refer to the definition of "provisional remedy" that the General Assembly provided and decide whether the order at issue arose from "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). The trial court's ordering an *in-camera* inspection of Adena's personnel file on the doctor is a provisional remedy pursuant to R.C. 2505.02(B)(4) as defined by R.C. 2505.02(A)(3), because it is the discovery of privileged matter.

■ However, not every order granting or denying relief sought in an ancillary proceeding will necessarily satisfy the additional requirements imposed by R.C. 2505.02(B)(4)(a) and (b). See *Gupta v. The Lima News* (2001), 143 Ohio App.3d 300, 757 N.E.2d 1227 (noting that even if an order compelling production of records for an *in-camera* inspection satisfied the "provisional remedy" prong of R.C. 2505.02[B][4], the order would not satisfy the additional requirements imposed by R.C. 2505.02[B][4][a] and [B][4][b] ). Even if a reviewing court determines that a particular order arises from a "provisional remedy," only those

orders meeting the additional requirements will be deemed final under R.C. 2505.02(B)(4). *Gupta, supra.*

Here, appellants' substantial rights would only be affected after an *in-camera* inspection and subsequent order compelling disclosure. If the trial court determines that all of the information is privileged, the present appellants have no basis to appeal. On the other hand, if some information is determined to be subject to disclosure, the present appellants can pursue an appeal of that order.

Pursuant to R.C. 2505.02, the order from which this appeal is taken is not a final appealable order. Therefore, this court lacks the jurisdiction to consider the merits of this appeal.

*Appeal dismissed.*

HARSHA and EVANS, JJ., concur.