DECISION AND JOURNAL ENTRY.
{¶ 1} Appellant, Community Support Services, Inc. ("CSS"), appeals from an order of the Summit County Court of Common Pleas. We dismiss the appeal for lack of jurisdiction.
 I. {¶ 2} On or about August 28, 1999, Jessie Kempczenski, a mentally ill resident of the Maggie Williams Group Home, was murdered by another resident, Barbara Price. The Maggie Williams Group Home is a group home for individuals with mental and emotional disabilities that was owned and operated by the late Maggie Williams. On August 27, 2001, Adams brought an action in the Summit County Court of Common Pleas alleging claims for wrongful death, negligence, and funeral benefits resulting out of Ms. Kempczenski's murder. Named in the suit were Ms. Price, Rebecca Jackson, as the administrator of the estate of Maggie Williams, and Appellant CSS. Adams alleged that CSS, a mental health agency, breached a duty owed to Ms. Kempczenski by placing her in an unsafe environment and by placing Ms. Price in proximity to Ms. Kempczenski despite having actual knowledge of Ms. Price's violent propensities. Adams further alleged that Ms. Williams breached a duty arising from her operation of the group home.
 {¶ 3} During discovery, a deposition of a CSS caseworker was taken. Counsel for CSS sent a summary of the deposition to the CEO of CSS, Arthur Wickersham, via fax. Counsel for CSS mistakenly faxed the correspondence to counsel for Adams. The correspondence stated, in relevant part:
"See the questions and answer at page 73 through 75 that has me concerned. [The caseworker] correctly started to say that this was an independent living situation then she went along with the hypothetical. I think the proper response would be `This was an independent living situation and Jessie could live wherever and with whomever she chose' and/or `it would depend on the nature and recentness of the events you have described and the status of this other person at this time.'"
 {¶ 4} Counsel for Adams returned the fax to counsel for CSS. Thereafter, counsel for Adams requested that he be able to re-depose other witnesses. Counsel for CSS refused these requests, and Adams filed a Motion for Relief under seal with the trial court, arguing that the correspondence was evidence of an improper suggestion to a witness as to how to answer an anticipated deposition question. In response, CSS responded that the "allegation is ludicrous on its face." CSS took the position that the correspondence "was obviously a reporting letter that does nothing more than report on how the deposition testimony went of another witness."
 {¶ 5} The trial court's ruling on the motion for relief stated, in pertinent part:
"(4) The Court finds that [counsel for CSS]'s September 27, 2002 correspondence to Art Wickersham of CSS was improper as it suggested a response to a possible deposition inquiry. * * *
"(6) The Court finds that the Plaintiff is entitled to conduct additional factual discovery to inquire and determine if there was `coaching' of other CSS witnesses and/or to other CSS responses by counsel for CSS or counsel's agents, representatives, and employees.
"(7) Upon written Motion, and upon a showing of good cause, the Court will consider whether Plaintiff is entitled to re-depose any CSS witness and/or employee. As previously stated, the Plaintiff will only be entitled to re-depose a CSS witness and/or employee upon a showing of good cause.
"(8) The matter of witness preparation and coaching shall be an appropriate area of inquiry in any future depositions and trial.
"(9) Any documents, materials, video, photographs, or tangible things which Defendant CSS used, or were intended to be used, or are available for use for the preparation of witnesses in this litigation are not to be destroyed, altered, or modified in any way.
"(10) Any purported invasion of attorney/client privilege shall be brought to the Court's attention for an in-camera review."
 {¶ 6} This appeal followed.
 II. {¶ 7} Before reaching the merits of this appeal, we must address whether this court has jurisdiction. Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. An order of the trial court is final and appealable only if the requirements of R.C. 2505.02 are satisfied. If an order is not final and appealable, an appellate court lacks jurisdiction to review the matter and must dismiss the appeal.Davison v. Rini (1996), 115 Ohio App.3d 688, 692. If the parties do not raise the jurisdictional issue, the appellate court is required to raise it sua sponte. Id.
 {¶ 8} In this case, Adams filed a motion to dismiss the appeal, arguing that the order from which CSS appeals is not a final, appealable order. CSS filed a brief in opposition, asserting that the order is final and appealable pursuant to R.C. 2505.02(B)(4). On April 14, 2003, this Court issued an order denying the motion to dismiss the appeal at that time, and ordered the parties to further address the issue in the briefs and at oral argument. We now revisit the issue and determine that we lack jurisdiction over the appeal.
 {¶ 9} As a general rule, orders regarding discovery are interlocutory and not immediately appealable. See Walters v. TheEnrichment Ctr. of Wishing Well, Inc., 78 Ohio St.3d 118, 120-121; Stateex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, 438. However, R.C. 2505.02 provides that:
"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"* * *
"(4) An order that grants or denies a provisional remedy and to which both of the following apply:
"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4).
 {¶ 10} A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." (Emphasis added.) R.C. 2505.02(A)(3).
 {¶ 11} CSS argues that the order "had the cumulative effect of mandating discovery by Appellee of privileged matters and of requiring the waiver of that same privilege by CSS witnesses at trial." CSS argues that the trial court's order permits the disclosure of communications between attorney and client that are protected by the attorney-client privilege, and therefore, it is a provisional remedy that is final pursuant to R.C. 2505.02(B)(4). However, an order, which grants or denies relief sought in an ancillary proceeding, may nonetheless not necessarily satisfy the additional requirements imposed by R.C. 2505.02(B)(4)(a) and (b). See Ingram v. Adena Health Sys. (2001), 144 Ohio App.3d 603. See, also, Gupta v. Lima News (Feb. 5, 2001), 3d Dist. No. 1-99-83 (noting that an order compelling production of records for an in camera inspection which satisfies the provisional remedy prong may nonetheless not satisfy the additional requirements of R.C. 2505.02(B)(4)(a) and (B)(4)(b)).
 {¶ 12} The trial court's order entitles Adams to conduct additional factual discovery in order to inquire into and determine if there was coaching of other CSS witnesses or responses. It expressly states that "[a]ny purported invasion of attorney/client privilege shall be brought to the Court's attention for an in-camera review." Thus, the trial court's order merely entitles Adams to conduct additional discovery. Contrary to CSS's assertions, the order does not mandate the discovery of privileged matters. Therefore, the order does not grant or deny a provisional remedy. Moreover, CSS will be afforded a meaningful and effective remedy on appeal if and when the trial court orders discovery of any purported privileged matters after it conducts an in camera review of the material.
 {¶ 13} Accordingly, the order from which this appeal is taken is not a final appealable order pursuant to R.C. 2505.02. Therefore, this Court lacks jurisdiction to consider the merits of this appeal.
 III. {¶ 14} Because CSS has failed to appeal from a final, appealable order, this Court does not have jurisdiction to review the matter, and the appeal is dismissed.
Appeal dismissed.
SLABY, P.J. and WHITMORE, J. concur.