DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-appellee, Charles King, has filed a motion to dismiss the appeal filed by defendant, American Standard Insurance Company of Ohio ("American Standard.") American Standard filed a memorandum in support of jurisdiction and a memorandum in opposition to the motion to dismiss urging this court not to dismiss its appeal. King filed a reply. American Standard's notice of appeal states that it intends to appeal from two orders, the first entered on the court's journal on May 3, 2006, and the second entered on August 25, 2006. King contends that neither order is final and appealable.
 {¶ 2} The May 3 order denies American Standard's motion to bifurcate King's claims for bad faith, punitive damages, interest, attorney's fees, and costs from his claim for uninsured motorist coverage.
 {¶ 3} The August 25 order pertains to King's discovery request and states, in relevant part:
 {¶ 4} "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall produce those portions of its claims manual relevant to the adjustment of underinsured/uninsured motorist claims, and medical payment claims, to be inspected in camera. The Court will then determine what portions, if any, of the manual shall be disclosed to the Plaintiff."
 {¶ 5} R.C. 2505.02 defines final orders in Ohio and states, in relevant part:
 {¶ 6} "Final order
 {¶ 7} "(A) As used in this section:
 {¶ 8} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 9} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 10} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86) of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
 {¶ 11} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 12} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 13} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 14} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 15} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 16} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 17} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 18} "(5) An order that determines that an action may or may not be maintained as a class action[.]"
 {¶ 19} We will first address the May 3, 2006 order which denied the motion to bifurcate. This order is not final and appealable. Korodi v. Minot (Aug. 23, 1988), 10th Dist. No. 88AP-24 and Goettl v. Edelstein (Dec. 5, 1985), 5th Dist. No. CA 2339.
 {¶ 20} The August 25, 2006 judgment ordered appellant to submit certain allegedly privileged materials to the court for an in camera inspection. Generally, discovery orders are not appealable. Walters v. Enrichment Center of Wishing Well, Inc.
(1997), 78 Ohio St.3d 118. However, if the judgment orders a party to disclose allegedly privileged material, it is appealable pursuant to R.C. 2505.02(A)(3) and (B)(4). Appellee, Charles King, argues that the judgment in this case is not appealable because it only requires appellant to disclose the material to the judge for an in camera inspection. He states that if the judge decides that any or all of the information is not privileged and must be disclosed to King, the issue will then be ripe for appeal. We agree.
 {¶ 21} In Covington v. MetroHealth Sys.,150 Ohio App.3d 558, 2002-Ohio-6629, at ¶ 21, the court states:
 {¶ 22} "To the extent the trial court's decision directs plaintiff to submit requested materials to an in camera review so the court can determine whether the documents are protected from disclosure on some alternative basis, including other bases of privilege or confidentiality, the order is not a final appealable order pursuant to R.C. 2505.02. See Bell v. Mt. Sinai Med. Ctr.
(1993), 67 Ohio St.3d 60, 616 N.E.2d 181, syllabus, modified on other grounds, Moskovitz v. Mt. Sinai Med. Ctr. (1994),69 Ohio St.3d 638, 635 N.E.2d 331; Gupta v. The Lima News (2001),143 Ohio App.3d 300, 303-304, 757 N.E.2d 1227. * * * This court lacks jurisdiction to conduct an immediate review of such other matters."
 {¶ 23} See, also, Ingram v. Adena Health Sys. (2001),144 Ohio App.3d 603, 606 which states:
 {¶ 24} "Here, appellants' substantial rights would be affected after an in-camera inspection and subsequent order compelling disclosure."
 {¶ 25} Appellant urges this court to hear its appeal now because, "the court order requiring disclosure of this material even in camera * * * will lead to the eventual discovery of at least some of it to the Plaintiffs." We do not believe this to be a correct statement. The trial court judge may decide that no part of the material is discoverable. Appellant also states that "once the claims manual is produced, even to the Court for an incamera inspection, the proverbial cat is out of the proverbial bag." We have found only one appellate court that agrees with this argument.[1] In Everage v. Elk Elk,159 Ohio App.3d 220, 2004-Ohio-6186, the Third District Court of Appeals states:
 {¶ 26} "The trial court's denial of appellant's motion for a protective order regarding grievances or complaints filed with an attorney disciplinary panel is a final, appealable order, as it relates to the discovery of privileged matters. Due to the unique confidential circumstances of an attorney disciplinary proceeding, the disclosure could not be meaningfully appealed after the trial court's in camera inspection. Once the trial court reviews the documents, their confidentiality will have been compromised. Accordingly, the trial court's order for the production of the documents determines the discovery matter. See R.C. 2505.02(B)(4)." Id. fn. 1.
 {¶ 27} We find this reasoning unpersuasive. Disclosing privileged information to a judge for in camera inspection is not tantamount to disclosing it to the opposing party in the case. Confidentiality has not been compromised; our judiciary can be trusted to keep confidential information confidential.
 {¶ 28} Accordingly, we find neither order is final and appealable at this time. The motion to dismiss this appeal is well-taken. This appeal is ordered dismissed.
 {¶ 29} Article IV, Section 3(B)(4) of the Ohio Constitution states:
 {¶ 30} "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."
 {¶ 31} In today's decision we hold that an order to turn over allegedly privileged material to the court for in camera inspection is not a final appealable order. We find that this holding is in conflict with Everage v. Elk Elk,159 Ohio App.3d 220, 2004-Ohio-6186. Given this actual conflict between our district and the Third Appellate District, we hereby certify the record of this case to the Supreme Court of Ohio for review and final determination on the following question: Is an order to turn over allegedly privileged material to the trial court for in camera inspection a final appealable order pursuant to R.C.2505.02(A)(3) and (B)(4)?
 {¶ 32} The parties are directed to S. Ct. Prac. R. IV for guidance in how to proceed.
 {¶ 33} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
MOTION GRANTED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Skow, J., Parish, J. Concur.
[1] Appellant refers this court to Armstrong v. Marusic, 11th Dist. No. 2001-L-232, 2004-Ohio-2594 in support of its contention. However, in Armstrong, the court ordered the allegedly privileged material to be turned over to the opposing party, not to be submitted to the court for in camera inspection.