JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Robert D. Kehoe (Kehoe) appeals the trial court's denying his motion to enforce settlement agreement without an evidentiary hearing, and the trial court's ordering him to produce allegedly privileged or confidential information, in this complaint for an accounting involving Kehoe and his former law partner, C. Reynolds Keller (Keller). After reviewing the facts of the case and pertinent law, we dismiss this case for lack of a final appealable order.
 I. {¶ 2} Keller and Kehoe, both attorneys, were partners in the law firm of Keller Kehoe, LLP from January 1999 until April 2004, when the firm was dissolved. Keller moved to another law firm, and Kehoe formed Kehoe Associates, LLP. On July 28, 2004, Keller filed a complaint against Kehoe, seeking an accounting of records from Keller Kehoe, Kehoe 
Associates, and Kehoe personally through JP Morgan Chase Co. Concurrent to this litigation was Keller Kehoe, LLP v. HartfordFinancial Services Group, Inc., Cuyahoga Common Pleas No. CV-05-567298, in which Keller Kehoe sought to collect a debt for unpaid legal fees from Hartford, a former client of the dissolved firm. On June 7, 2006, the court consolidated the two cases upon oral motion of the parties.
 {¶ 3} On July 18, 2006, the court facilitated a settlement between Keller Kehoe and Hartford, ordering Hartford to place the agreed upon settlement amount into a court supervised account in exchange for Keller Kehoe's release and *Page 4 
dismissal of the case against Hartford. Specifically, the July 19, 2006 journal entry reads as follows:
 "Partial dismissal entry on consolidated case 567298. By agreement of the parties, the causes of action set forth in Cuyahoga County Common Pleas Court Case No. 567298, only, including any claims which were or could have been brought by Keller Kehoe, LLP against Hartford Financial Services, Inc., and any claims for interest on settlement proceeds, is hereby settled and dismissed with prejudice. Each party to bear his/its own costs, expenses, and attorneys fees. All other claims in Case No. 573191[1] remain."
 {¶ 4} Meanwhile, Keller and Kehoe continued settlement negotiations on the pending complaint for accounting. Discovery problems ensued, and Keller's attempts to obtain various documents from Kehoe proved unsuccessful. Notably, on August 16, 2006, the court denied as moot Keller's December 1, 2005 motion to compel discovery, specifically the original request for production of documents. However, on October 6, 2006, after a status conference, the court ordered Kehoe to file under seal the following documents: 1) client bills/invoices for Keller 
Kehoe, LLP and Kehoe Associates, LLP from January 1, 2004 to date; 2) financial statements for both firms, and Kehoe's personal accounts, from January 1, 2003 to date; and 3) a letter outlining Kehoe's request for documents. Furthermore, Keller was ordered to file under seal documents obtained under a JP Morgan Chase Co. subpoena and any other documents Keller previously provided to Kehoe. The court *Page 5 
ordered that all documents be filed by October 22, 2006. Furthermore, on October 10, 2006, the court reversed its August 16, 2006 mootness finding and granted Keller's December 1, 2005 motion to compel discovery.
 {¶ 5} In another turn of events, on November 6, 2006, the court summarily vacated its October 6 and 10, 2006 journal entries. Then, on December 11, 2006, the court reinstated these same journal entries, with the following modifications: All documents were to be filed under seal for an in camera inspection within 21 days; the financial statements dating back to January 1, 2003 were eliminated from the order; and, JP Morgan Chase Co. was directly ordered to file statements for any accounts held by Keller Kehoe, Kehoe Associates, and Kehoe personally from January 1, 2004 to date. The December 11, 2006 order also denied Kehoe's motion for Civ.R. 54(B) determinations and his motion to enforce settlement agreement.
 {¶ 6} It is from this December 11, 2006 order that Kehoe appeals.
 II. {¶ 7} In his first assignment of error, Kehoe argues that "the trial court erred in denying a motion to enforce a settlement agreement without an evidentiary hearing where there was no disputed evidence that a settlement was made, and which settlement resolved discovery issues." Specifically, Kehoe argues that as part of the July 18, 2006 settlement with Hartford, Keller agreed to withdraw pending discovery requests for financial and client information from Kehoe personally and *Page 6 
Kehoe Associates. While Kehoe's assignment of error claims entitlement to an evidentiary hearing, the content of his argument is that the court erred on October 10, 2006 in reversing its August 16, 2006 denial of Keller's motion to compel as moot. Furthermore, Kehoe impliedly argues that the court erred in ordering him to file financial documents under seal, because Keller allegedly agreed not to seek future documents as part of the Hartford settlement. Although somewhat unclear from his brief, we glean that these are Kehoe's arguments from the following statement: "The error of the lower court is disregarding the settlement it helped to negotiate."
 {¶ 8} We first review whether a partial judgment of a consolidated case is a final appealable order. This issue has been considered inWhitaker v. Kear (1996), 119 Ohio App.3d 611, 614, where the court held that "individual cases that have been consolidated may not be appealed until the consolidated case reaches its conclusion absent Civ.R. 54(B) certification in the judgment entry." In considering this issue, the court applied the somewhat analogous ruling in Mezerkor v. Mezerkor
(1994), 70 Ohio St.3d 304, which puts forth a strong policy against piecemeal appeals. We agree with Whitaker's interpretation ofMezerkor.
 {¶ 9} In the instant case, a careful review of the record shows no Civ.R. 54(B) language in the December 11, 2006 journal entry from which Kehoe appeals. In *Page 7 
addition, the accounting claim of this consolidated case is still pending. For these two reasons, an appeal on the merits is premature.
 III. {¶ 10} In his second and final assignment of error, Kehoe argues that "the trial court erred in ordering appellant to produce attorney-client privileged communications and a non-party to produce defendant's and his law firm's confidential information absent any allegation or showing by appellee of any need for, or entitlement to such information."
 {¶ 11} Kehoe's assignment of error misstates the facts. The court, on December 11, 2006, ordered Kehoe to "file under seal for an in camera inspection" certain documents, rather than "produce" the documents. As such, this issue is directly on point with Bell v. Mount Sinai MedicalCenter (1993), 67 Ohio St.3d 60, 65, which states as follows: "We therefore conclude that the action of a trial court directing a witness opposing a discovery request to submit the requested materials to anin camera review so that the court may determine their discoverable nature is not a final appealable order pursuant to R.C. 2505.02." See, also, King v. American Standard Ins. Co., Lucas App. No. L-06-1306,2006-Ohio-5774 (holding that a court's directing "a plaintiff to submit requested materials to an in camera review so the court can determine whether the documents are protected from disclosure on some alternative basis, including other bases of privilege or confidentiality, * * * is not *Page 8 
a final appealable order * * *"); Gupta v. Lima News (2001),143 Ohio App.3d 300 (holding that only if the court compelled disclosure of the documents after an in camera inspection would the order become final, and thus, appealable); Ingram v. Adena Health System (2001),144 Ohio App.3d 603; Neimann v. Cooley (1994), 93 Ohio App.3d 81.
 {¶ 12} We lack jurisdiction to review Kehoe's assignments of error, as this case does not involve a final appealable order.
Appeal dismissed.
It is ordered that appellee recover from appellant the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., JUDGE
COLLEEN CONWAY COONEY, P. J., and SEAN C. GALLAGHER, J., CONCUR
[1] Case No. 573191 is Keller's complaint for an accounting against Kehoe.