[Cite as *Lollini v. Brown*, 2010-Ohio-2697.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

MARY LOLLINI, et al.,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀CASE NO.⠀⠀10 JE 8
⠀⠀⠀PLAINTIFFS-APPELLEES,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀OPINION
⠀⠀⠀- VS -⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀AND
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀JUDGMENT ENTRY
THOMAS BROWN,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀DEFENDANT-APPELLANT.⠀)

CHARACTER OF PROCEEDINGS:⠀⠀⠀⠀Civil Appeal from Common Pleas Court,
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Case No. 07CV633.

JUDGMENT:⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Appeal dismissed.

APPEARANCES:
For Plaintiffs-Appellees:⠀⠀⠀⠀⠀⠀⠀⠀Attorney Theodore Tsoras
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Robinson Law Offices
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀1140 Main Street, Third Floor
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Wheeling, West Virginia  26003

For Defendant-Appellant:⠀⠀⠀⠀⠀⠀⠀⠀Attorney Daniel Clevenger
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Day Ketterer
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Millennium Centre, Suite 300
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀200 Market Avenue North
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀P.O. Box 24213
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Canton, Ohio  44701

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Dated:  June 7, 2010

PER CURIAM.

¶{1}  This matter comes on appeal from a March 3, 2010 judgment of the Common Pleas Court ordering appellant to provide medical records and any related criminal records of the defendant to the court for review and to be kept under seal.

¶{2}  In response to a directive from this Court, each party has filed a jurisdictional memorandum.  Appellant asserts that defendant's medical records are not discoverable under Civ.R. 26(B) because they are protected under R.C. 2317.02(B), physician-patient privilege.  *Calihan v. Fullen* (1992), 78 Ohio App.3d 266. Moreover, appellant argues that the trial court here has already verbalized an intent to allow discovery of the defendant's medical records.  He cites to a hearing transcript of March 1, 2010 page 9, where the Court stated as follows:

¶{3}  "COURT:  Okay…if you could prove the force of the impact (to plaintiff's counsel), I will be looking at ways to put them in."

¶{4}  In response, appellee points out that the medical records (and criminal record, if any) were ordered for *in camera* inspection, not to be given to counsel for appellee.  In addition, the order clearly allowed for the filing of a protective order. Appellee also argues that the underlying cause is an ordinary tort for personal injury, which was recognized at common law.  Therefore, any attempt by appellant to view the matter as a special proceeding under R.C. 2505.02(B)(2) is misplaced.

¶{5}  Appellee argues that the holding in *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, is controlling.  In *Bell,* the Ohio Supreme Court explicitly stated "The action of a trial court directing a witness opposing a discovery request to submit the requested materials to an *in camera* review so that the court may determine their discoverable nature is not a final appealable order pursuant to R.C. 2505.02."  *Bell,* syllabus.

¶{6}  In his reply brief, appellant argues that *Bell* is factually distinguishable in that the documents ordered produced here are statutorily protected from production pursuant to R.C. 2317.02(B) unless certain prerequisites are met.  Appellant contends that appellant's medical records are "clearly privileged" and there is no need to make an *in camera* inspection to make that determination.

¶{7}  Other appellate districts have held that the order to submit documents for *in camera* inspection is not a final appealable order as defined by R.C. 2505.02. *Huntsman v. Aultman Hospital,* 5th Dist. No. 2006CA331, 2008-Ohio-2554 (order

requiring liability insurance carriers and medical network providers to submit documents to the trial court for *in camera* inspection); *Keller v. Kehoe,* 8th Dist. No. 89218, 2007-Ohio-6625 (order to file under seal documents for *in camera* inspection relating to the operation of a law business). It has further been held that only if the court compelled disclosure after an *in camera* inspection would the order become final and appealable. *Gupta v. Lima* (2001), 143 Ohio App.3d 300.

¶{8} In this Court's decision announced in *Wilson v. Barnesville Hospital,* 7th Dist. No. 01BE40, 2001-Ohio-3499, we held that "* * * when a party demonstrates that a substantial right is implicated by a discovery order of confidential information, there is an immediate right to review of the discovery order." Here, no discovery order requiring the disclosure of confidential or privileged material has yet occurred. Appellant has every opportunity to present the same argument regarding privileged information should a discovery order be issued by the trial court. This appeal is premature.

¶{9} Under the limited facts of this case, we hold that an order of a trial court which compels a party to submit documents to a trial court for *in camera* inspection is not a final or appealable order as defined by R.C. 2505.02. Only after a discovery order is issued which affects a substantial right of a party, as defined by R.C. 2505.02(A)(1), may a party bring an appeal under the provisional remedy section of R.C. 2505.02.

¶{10} Appeal sua sponte dismissed for lack of a final or appealable order as defined by R.C. 2505.02. Costs taxed against appellant.


Vukovich, P.J., concurs.
Donofrio, J., concurs.
DeGenaro, J., concurs.