[Cite as *In re Smith*, 2018-Ohio-448.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.17 MA 0162 |
| | ) | |
| JOHN A. SMITH. | ) | |
| | ) | |
| | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| | ) | |

CHARACTER OF PROCEEDINGS:     Writ of Mandamus

JUDGMENT:     Dismissed.

APPEARANCES:

For Relator:

John A. Smith, *pro se*
54878-060
U.S. Penitentiary
Canaan
P.O. Box 300
Waymart, Pennsylvania  18472

For Respondent:

Atty. Dana Lantz
City Prosecutor
City of Youngstown Law Department
Atty. Jeffrey Moliterno
Assistant Prosecuting Attorney
26 South Phelps Street
Youngstown, Ohio  44503

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  January 30, 2018

PER CURIAM.

{¶1} Relator John A. Smith, a federal prison inmate at United States Penitentiary, Canaan, has filed a pro se petition for a writ of mandamus seeking to have this Court direct Respondent Youngstown Municipal Court Judge Elizabeth Kobly to provide him a prompt and final disposition of the charges pending against him in that court. Respondent, represented by the City of Youngstown's Prosecutor's Office, has filed an "objection" to Relator's petition, arguing that he is not entitled to the relief sought.

{¶2} In October 2014, Relator was charged in Respondent's court with loud sound devices prohibited and driving under an OVI suspension, both first-degree misdemeanors. He pled not guilty. At a pre-trial that occurred a month later, he waived all statutory time limits for trial and Respondent, at his request, reset the matter for a pretrial on January 12, 2015. Meanwhile, according to Relator's petition, he was arrested by federal law enforcement authorities in December 2014 and remains incarcerated in United States Penitentiary, Canaan, which is located in Waymart, Pennsylvania. (Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/caa/, accessed December 21, 2017).

{¶3} Relator failed to appear for the January 12, 2015 pretrial and Respondent issued an arrest warrant for Relator. A year later, Relator filed a pro se motion to set aside the warrant arguing it was in violation of the Interstate Agreement on Detainers Act. In the alternative, he requested Relator accept his guilty plea in absentia. Respondent denied the motion. Relator's attorney then filed a motion to withdraw the arrest warrant and reset the matter for a pretrial and Respondent denied that motion as well.

{¶4} On November 14, 2017, Relator filed a pro se motion in Respondent's court requesting a disposition of the charges pending against him. Respondent denied the motion that same day and Relator filed the present petition for a writ of mandamus which is the subject of this original action. Relator also appealed to this Court Respondent's November 14, 2017 decision denying his motion which remains pending as a direct appeal under our appellate jurisdiction in case no. 17 MA 0171.

**{¶5}** A writ of mandamus is an extraordinary remedy which should be exercised with caution and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St.3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. Entitlement to a writ of mandamus requires the relator to demonstrate: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) they have no adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections,* 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.

**{¶6}** In this instance, Relator has available to him two adequate remedies at law. First, the Interstate Agreement on Detainers Act provides when a person is subject to criminal charges in this state yet is imprisoned out of state, they may seek to be brought to trial within 180 days following the delivery of written notice to the appropriate trial court and prosecutor's office accompanied by "a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." R.C. 2963.30, Article III(a). Article III(b) requires the prisoner to send written notice requesting final disposition to the "warden, commissioner of corrections or other official having custody of him." This official is then required to send written notice to the appropriate locations along with a report listing the information in Article III(a).

**{¶7}** Second, Relator filed a motion in Respondent's court requesting a disposition of the charges pending against him, which it denied and is the subject of a direct appeal before this Court in case no. 17 MA 0171

**{¶8}** Accordingly, Relator's complaint for a writ of mandamus is dismissed.

Costs taxed against Relator. Final order. Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.

Robb, P.J., concurs.

Donofrio, J., concurs.

Waite, J., concurs