[Cite as *State v. Smith*, 2018-Ohio-3905.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN A. SMITH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0171**

---

Criminal Appeal from the
Youngstown Municipal Court of Mahoning County, Ohio
Case No. 2014 TRD 04981

**BEFORE:**
Kathleen Bartlett, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
DISMISSED

---

*Atty. Jeffrey Moliterno*, 26 South Phelps Street, 4th Floor, Youngstown, Ohio, 44503, for
Plaintiff-Appellee and

*John Smith, Pro-se*, Inmate No. 54878060, P.O. Box 2068, Inez, Kentucky, 41224, for
Defendant-Appellant.

Dated:  September 25, 2018

**BARTLETT, J.**

**{¶1}** Appellant, John A. Smith, a prisoner at the United States Penitentiary in Inez, Kentucky, acting *pro se,* appeals the judgment entry of the Youngstown Municipal Court denying his *pro se* Motion (1) For Fast and Speedy Disposition of Misdermeaner [sic] charges for (A) Driving on Suspended and (b) Loud Vehicle Sound Devices, and (2) To Dismiss Charges for Alleged Fail to Appear and Possibly All Charge. (11/14/17 J.E.)  For the following reasons, this appeal is dismissed for lack of a final appealable order.

    I.       <u>Facts and Procedural History</u>

**{¶2}** On October 2, 2014, Appellant was charged in Youngstown Municipal Court with a violation of the City's loud sound ordinance, Y.C.O. 539.07(B), and driving under an OVI suspension, in violation of R.C. 4510.14, both first-degree misdemeanors. At a pre-trial conference conducted on November 5, 2014, Appellant waived all statutory time limits for trial.  At his request, the trial court reset the matter for a second pretrial conference on January 12, 2015.

**{¶3}** On December 8, 2014, Appellant was arrested by federal law enforcement authorities.  He is currently incarcerated at United States Penitentiary, Big Sandy in Inez, Kentucky, with a projected release date of August 18, 2018. (Bureau of Prisons, https://www.bop.gov/inmateloc/#, Inmate No. 54878-060, accessed August 8, 2018). When Appellant failed to appear for the January 12, 2015 pretrial conference, the trial court issued a capias for his arrest.

**{¶4}** On October 31, 2016, Appellant filed a *pro se* motion to set aside the arrest warrant arguing that it violated the Interstate Agreement on Detainers Act, codified at R.C. 2963.30 ("IADA").  Pursuant to the IADA, a person that is subject to criminal charges in this state, but imprisoned out of state, shall be brought to trial within 180 days in Ohio, following the delivery of written notice to the appropriate trial court and prosecutor's office.

**{¶5}** The notice must be accompanied by "a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the

<u>Case No. 17 MA 0171</u>

prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." R.C. 2963.30, Article III(a). Pursuant to Article III(b), the prisoner initiates the process by sending written notice requesting final disposition to the warden, commissioner of corrections or other official having custody of him.  The official is then required to send written notice to the trial court and prosecutor's office along with a report listing the information in Article III(a).

{¶6}    According to the motion, Appellant "fil[ed]" an "IADA action letter" prior to the issuance of the warrant.  The letter is referred to, but not included, in the record on appeal.  From the record before us, it appears that Appellant sent the letter to the prosecuting attorney rather than the warden, and, therefore, did not fulfill the requirements of the statute.

{¶7}    Based upon the prosecutor's alleged inaction with respect to the letter, Appellant requested that the arrest warrant be set aside and the charges be dismissed. In the alternative, he requested leave to enter a guilty plea in absentia.  The motion was denied on November 1, 2016.

{¶8}    On December 29, 2016, counsel made a limited appearance on behalf of Appellant to file a motion to withdraw the arrest warrant.  The motion was based on Appellant's federal arrest, and asserted that his arrest prevented him from appearing at the January 12, 2015 pretrial hearing.  The motion also requested that a bond be issued and the matter be set for a pretrial conference.  The motion was denied on January 4, 2017.

{¶9}    Appellant filed a *pro se* motion for a writ of mandamus in this Court on October 31, 2017.  Two weeks later, on November 14, 2017, Appellant filed the *pro se* motion currently on appeal.    Appellant argued that judicial bias was the only explanation for the trial court's failure to grant him leave to enter his guilty plea in absentia.  He explained that the pending charges prevented him from completing RDAP, a federal residential drug abuse program, which culminates in early release to a halfway house.  He further argued that the arrest warrant should not stand because he was in federal custody on January 12, 2015.  Finally, Appellant argued that the open-

ended speedy trial waiver had expired, and that both substantive charges should be dismissed. Based upon the foregoing arguments, Appellant sought, in the alternative, a prompt disposition or dismissal of the charges. The motion was denied the same day that it was filed.

{¶10} The motion for a writ of mandamus was denied on January 30, 2018. We reasoned that Appellant had two adequate remedies at law, a request to be brought to trial under the IADA, and an appeal of the trial court's denial of the *pro se* motion, which had been filed and was pending before this Court. *In re Smith*, 7th Dist. No. 17 MA 0162, 2018-Ohio-448, ¶ 6.

{¶11} It is important to note that Appellant attempts to appeal "all motions of other pleading dispositioned [sic] or having been unreasonably delayed or neglected in this case." (11/13/17 Notice of Appeal, p. 1.) However, the notice of appeal is untimely with respect to the motions filed in 2016. See App. R. 4.

II.   Analysis

THE MUNICIPAL COURT VIOLATED SMITH [SIC] FAST & SPEEDY TRIAL RIGHTS.

SMITH IS ACTUALLY INNOCENT OF ANY FAIL [SIC] TO APPEAR CHARGE.

KEEPING CHARGES OPEN OR PENDING DENIES SMITH ½ WAY [SIC] HOUSE OR HOME CONFINEMENT ON HIS FEDERAL SENTENCE EXTENDING THE LENGTH OF THAT SENTENCE.

ALL OR ANY ATTORNEY IN THIS CASE HAS BEEN HOSTILE AND INEFFECTIVE.

{¶12} Before addressing the substantive issues raised on appeal, we must first determine *sua sponte* if the trial court's order is properly before us. *Lollini v. Brown*, 7th Dist. No. 10 JE 8, 2010-Ohio-2697, ¶ 10. "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶

5; see, also, *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus (1989).  The threshold requirement, therefore, is that the order satisfies the criteria of R.C. 2505.02.  *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 15.  Without a final, appealable order, we lack subject-matter jurisdiction over the appeal.  *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10.

{¶13}  R.C. 2505.02(B)(1) through (4) read, in their entirety:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶14}  The statute defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."  R.C. 2505.02(A)(1).  "Provisional remedy" means "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of

evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code." R.C. 2505.02(A)(3).

**{¶15}** Appellant argues that his speedy trial waiver has expired and, also, that he has been prejudiced because he is unable to complete the residential portion of RDAP to qualify for early release to a halfway house. With respect to Appellant's speedy trial rights, the motion reads, in pertinent part:

> Because [Appellant] showed good faith and attempted to disposition [sic] the original charges in favore [sic] of the state, and yet the Court chose to terry along to deliberately bias or prejudice [Appellant] with open and pending charges. The Court only fooled itself by allowing all fast and speedy trial rights expire [sic] and now requiring a dismissal of all charges in accordance with both state and federal laws and or constitutions."

(11/14/17 Mot., p. 2.)

**{¶16}** Although the right to a speedy trial is a "substantial right," we have recognized that a judgment entry denying a motion alleging a speedy trial violation is not a final appealable order. *State v. Serednesky*, 7th Dist. No. 99CA77, 1999 WL 1124763. We cited *State v. Chalender*, 99 Ohio App.3d 4, 649 N.E.2d 1254, for the proposition that:

> A substantial right is not affected merely because an order has the immediate effect of restricting or limiting that right. Rather, a substantial right is affected when there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right.

*Id.* at 7. We reasoned that the substantial right of a criminal defendant to be discharged if not brought to trial within the time limits provided by statute will be enforced upon any appeal following final disposition of the criminal proceeding. *Serednesky* at *2. We further held that a criminal proceeding is not a "special proceeding." *Id.* at *3.

**{¶17}** Next, Appellant contends that he will be prevented from completing the federal residential drug program because of the trial court's refusal to initiate a final disposition of the municipal court charges. However, we find that Appellant's inability to complete RDAP neither determines the municipal court action nor prevents a judgment. Furthermore, federal courts have recognized that a prisoner has no constitutional right to participate in RDAP, see *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir.2011), fn. 4, and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP. *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir.1998)(18 U.S.C. 3621(e)(2)(B) "allows a decisionmaker to deny the requested relief within its unfettered discretion [and] does not create a constitutionally-recognized liberty interest"). Therefore, we further find that participation in RDAP is not a "substantial right."

III.  Conclusion

**{¶18}** In summary, we find that the judgment entry at issue fails to fulfill the criteria set forth in R.C. 2505.02. Therefore, we do not have subject matter jurisdiction to consider the merits of this appeal because the judgment entry denying the *pro se* motion is not a final appealable order as that term is defined by R.C. 2505.02.

**Waite, J., concurs.**

**Robb, P.J., concurs.**

Case No. 17 MA 0171

_____

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgment entry at issue fails to fulfill the criteria set forth in R.C. 2505.02. Therefore, we do not have subject matter jurisdiction to consider the merits of this appeal because the judgment entry denying the pro se motion is not a final appealable order as that term is defined by R.C. 2505.02. Accordingly, this appeal is dismissed.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**