**EVERAGE et al., Appellees,**

v.

**ELK AND ELK, Appellant, et al.**

[Cite as *Everage v. Elk & Elk,* 159 Ohio App.3d 220, 2004-Ohio-6186.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–04–14.

Decided Nov. 22, 2004.

Gregory D. Wilson and Eric J. Wilson, for appellees.

Donald J. Moracz, Brian D. Sullivan, and Laurie J. Avery, for appellant.

***

Cupp, Judge.

{¶ 1} Defendant-appellant, the law firm of Elk & Elk Company, L.P.A., appeals from the judgment of the Auglaize County Court of Common Pleas, denying its motion for a protective order and ordering Elk & Elk to present for in camera review any grievances filed with a disciplinary agency against the law firm or its members as well as letters of complaint made personally to the law firm. Although this appeal was originally placed on the accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶ 2} The request for production of these documents stems from the filing of a legal malpractice case against Elk & Elk by appellee Dylan Everage, a minor. During discovery, appellee requested that Elk & Elk produce copies of all grievances and complaints regarding attorney misconduct previously filed against the members of Elk & Elk by former clients and either received by Elk & Elk or filed with any disciplinary panel or committee or Office of Disciplinary Counsel.

{¶ 3} Elk & Elk filed a motion with the trial court for a protective order, pursuant to Civ.R. 26, seeking to preclude appellee from obtaining the requested documents on the basis that the information contained in them is privileged and confidential. In the alternative, Elk & Elk requested an in camera inspection of the documents. The trial court scheduled a hearing on Elk & Elk's motion for protective order and in camera hearing for March 25, 2004.

{¶ 4} At the hearing, the trial court determined that only one member of the appellant law firm, David Elk, had any documents relating to grievances or complaints filed against him. The trial court found that the grievances requested by the appellee were not privileged, "as no statute has been enacted to establish such a privilege." The trial court further determined that since discovery could be controlled to maintain "reasonable confidentiality," there was "no basis under the rules involving disciplinary proceedings which elevate the expectation of confidentiality to the level of a privilege so as to preclude disclosure." The trial court, therefore, ordered David Elk to provide any relevant documents to the court for an in camera inspection to determine whether they were relevant to the pending malpractice action.

{¶ 5} It is from this decision that appellant appeals and sets forth one assignment of error for our review.[1]

***

1. The trial court's denial of appellant's motion for a protective order regarding grievances or complaints filed with an attorney disciplinary panel is a final, appealable order, as it relates to

## ASSIGNMENT OF ERROR NO. I

The trial court incorrectly concluded that complaints to the Office of Disciplinary Counsel are not privileged, private and/or confidential and are thus subject to discovery.

{¶ 6} The Ohio Constitution grants to the Ohio Supreme Court inherent authority and original jurisdiction in the discipline of attorneys in Ohio. See Section 2(B)(1)(g), Article IV; *Judd v. City Trust & Sav. Bank* (1937), 133 Ohio St. 81, 10 O.O. 95, 12 N.E.2d 288. Pursuant to this jurisdiction, the Ohio Supreme Court promulgated Gov.Bar R. V to govern the disciplinary procedure for members of the bar. With that rule, the court created the Board of Commissioners on Grievances and Discipline to assist in the court's disciplinary responsibilities. Gov.Bar R. V(1)(A). The board has exclusive jurisdiction to recommend disciplinary action against an attorney and is authorized to receive evidence, make findings, and submit recommendations to the Ohio Supreme Court concerning complaints of attorney misconduct. Gov.Bar R. V(2).

{¶ 7} Before the board may act on an allegation of misconduct filed against an attorney, however, the allegation must be investigated by a certified grievance committee or the Disciplinary Counsel. Gov.Bar R. V(4). If the investigative body determines that there is probable cause to believe that misconduct has occurred, a complaint against the attorney will be certified to the secretary of the board. Gov.Bar R. V(11)(E)(2)(a).

{¶ 8} Regarding the confidentiality of these proceedings and documents, Gov. Bar R. V further provides, "All proceedings and documents relating to review and investigation of grievances made under these rules shall be private * * *." The rule defines "private" as the right of the attorney to the right of privacy as to the proceedings, a right that may be waived in certain, limited situations. See Gov. Bar R. V(11)(E)(1)(a) through (c). Once a complaint has been certified by a probable-cause panel, the complaint is available to the public. The deliberations by the probable-cause panel and the board remain confidential, however. Gov. Bar R. V(11)(E)(2)(a). Moreover, the confidentiality of the deliberations "cannot be disclosed or waived by anyone for any reason." Gov.Bar R. V(11)(E)(2)(c)(ii).

{¶ 9} In the case sub judice, Elk & Elk claims that the trial court erred in ordering David Elk to produce documents relating to any grievances that have been filed with a disciplinary panel against him or his firm. Elk & Elk asserts that the rules for the government of the bar, discussed herein, require that these

the discovery of privileged matters. Due to the unique confidential circumstances of an attorney disciplinary proceeding, the disclosure could not be meaningfully appealed after the trial court's in camera inspection. Once the trial court reviews the documents, their confidentiality will have been compromised. Accordingly, the trial court's order for the production of the documents determines the discovery matter. See R.C. 2505.02(B)(4).

documents be protected from discovery. Elk & Elk maintains that a grievance alleging attorney misconduct remains confidential until probable cause is found to certify the complaint. Because there have been no complaints against David Elk that have been certified, Elk & Elk contends that there are no documents to discover.

{¶ 10} In general, parties in a civil action are afforded the opportunity to conduct discovery with few limitations. See *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 85, 523 N.E.2d 902. In fact, Civ.R. 26(B) provides, "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *." This right to broad discovery, promulgated by the Supreme Court, must, however, be read in pari materia with the governing bar rules.

{¶ 11} After review, we find that the Supreme Court of Ohio created a substantive right of privacy for a respondent attorney with respect to the disclosure of uncertified grievances. Gov.Bar R. V(11)(E). We further find that this substantive right may not be infringed by the trial court's order of discovery. Section 5, Article IV of the Ohio Constitution, provides, "The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules *shall not abridge, enlarge,* or modify any substantive right." (Emphasis added.)

{¶ 12} Gov.Bar R. V(11)(E) unequivocally provides that all documents relating to review and investigation of grievances shall be private, unless waived by the respondent attorney. Therefore, we hold that the trial court cannot compel the production of any uncertified grievances in David Elk's possession unless David Elk has waived his right to privacy. Since we find that he has not done so, we hold that the trial court erred in ordering David Elk to produce, for in camera inspection, any documents relating to uncertified allegations of misconduct made to a disciplinary committee.[2] Accordingly, Elk & Elk's assignment of error is sustained.

{¶ 13} Having found error prejudicial to appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court regarding any grievances or complaints received by the Office of Disciplinary Counsel and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

SHAW, P.J., and THOMAS F. BRYANT, J., concur.

---

**2.** Our decision does not affect the discoverability of any certified complaints of attorney misconduct regarding David Elk or other members of the appellant law firm, as those documents are available to the public.