[Cite as *Davis v. Yuspeh*, 2023-Ohio-219.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DONTE DAVIS,                                    :

    Plaintiff-Appellee,                   :

                                       No. 111575

    v.                                          :

ANDREW YUSPEH, ET AL.,                          :

    Defendants-Appellants.                :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED
**RELEASED AND JOURNALIZED:**  January 26, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-956809

---

### *Appearances:*

The Pattakos Law Firm, LLC, and Peter Pattakos, *for appellee*.

Gallagher Sharp, LLP, Monica A. Sansalone, Matthew T. Norman, Grace M. Karam, and Richard C.O. Rezie, *for appellants*.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendants-appellants, Andrew Yuspeh, Esq., Jason Rappaport, Esq., and Yuspeh Rappaport Law L.L.C. (collectively, "appellants") appeal from the trial court's judgment denying their motion to strike several allegations in the

complaint filed by plaintiff-appellee, Donte Davis ("Davis"), and an exhibit attached to the complaint. For the reasons that follow, we reverse the trial court's judgment.

## I. Background

{¶ 2} Because this case concerns the confidentiality of a grievance filed by Davis against appellants, we begin with a brief explanation of Ohio's attorney disciplinary procedure.

{¶ 3} The Ohio Constitution grants to the Supreme Court of Ohio original jurisdiction over the discipline of persons admitted to the bar and all other matters relating to the practice of law. Ohio Constitution, Article IV, Section 2(B)(1)(g). Through the Supreme Court Rules for the Government of the Bar, the court created the Office of Disciplinary Counsel and the Board of Professional Conduct (the "Board") and authorized the Board to certify grievance committees to investigate allegations of attorney misconduct. *See* Gov.Bar R. V(1)(A) and (D), (4)(A), and (5)(B).

{¶ 4} Before the Board may act on an allegation of misconduct filed against an attorney, the allegation must be investigated by a certified grievance committee or Disciplinary Counsel. Gov.Bar R. V(9)(C). If the investigative body determines there is probable cause to believe that misconduct has occurred, notice of intent to file a formal complaint is served upon the attorney. Gov.Bar R. V(10)(A). After that, a probable cause panel of the Board must make an independent determination of whether there is probable cause for the filing of a certified complaint against the attorney with the Board. Gov.Bar R. V(11)(A).

{¶ 5} With respect to the confidentiality of these proceedings, Section 8 of Gov.Bar R. V sets forth the rules regarding "Public Access to Disciplinary Documents and Proceedings." Gov.Bar R. V(8)(A)(1) provides that prior to the determination of probable cause by the Board, "all proceedings, documents, and deliberations relating to review, investigation, and consideration of grievances shall be confidential," with the exception of three exceptions not relevant here. After a complaint has been certified to the Board, however, the complaint and all subsequent proceedings conducted and documents filed in connection with the complaint are public. Gov.Bar R. V(8)(B).

{¶ 6} In December 2021, Davis filed a complaint for legal malpractice against appellants in the common pleas court, alleging that they were negligent in handling his underlying personal injury case because they failed to timely conduct discovery in the case, which led to dismissal of the suit. He further alleged that although appellants filed an appeal on his behalf after the dismissal, they withdrew from representation before filing a merit brief, thereby preventing any meaningful appellate review of his case.

{¶ 7} Before filing the legal malpractice suit in common pleas court, Davis filed a grievance against Yuspeh with the Cleveland Metropolitan Bar Association's Certified Attorney Grievance Committee. After investigation, the grievance was dismissed and the Committee, through its counsel, sent Davis a letter labeled "**PERSONAL AND CONFIDENTIAL**" advising him of the dismissal.

**{¶ 8}** In paragraph four of his legal malpractice complaint, Davis quoted several negative findings from the Grievance Committee's letter regarding Yuspeh's representation of the underlying matter. He also attached the Committee's letter as an exhibit to his complaint. In paragraph 25 of the complaint, Davis asserted that appellants had refused to provide him with the file for the underlying lawsuit, despite his several requests for its production.

**{¶ 9}** Before answering Davis's complaint, appellants filed a motion pursuant to Civ.R. 12(F) to strike the allegations in paragraphs four and 25 of the complaint, asserting that they were "impertinent, scandalous, and have no basis in fact."[1]

**{¶ 10}** With respect to paragraph four of the complaint and the attached letter from the Grievance Committee, appellants asserted that under Gov.Bar R. V(8), grievance proceedings and investigations are considered confidential until the Board makes a finding of probable cause to certify a disciplinary complaint and because Davis's grievance against Yuspeh was never certified (and in fact was dismissed for lack of probable cause), any reference in Davis's complaint to the Bar Committee's confidential letter and the attachment of the letter to the complaint was inappropriate and inflammatory.[2]

---

[1] Civ.R. 12 provides that "[u]pon motion by a party * * * the court may order stricken from any pleading an insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter."

[2] Appellants have not appealed the trial court's denial of their motion to strike paragraph 25 of the complaint and thus have waived any argument regarding the allegations contained therein.

{¶ 11} In his brief in opposition to appellants' motion to strike, Davis asserted that (1) the confidentiality requirements of Gov.Bar R. V(8) apply only to grievance committees, disciplinary counsel, and their respective staff members and cannot be read to prohibit him or others from utilizing their First Amendment right to disclose their grievances against lawyers who wronged them; and (2) even if the rule applies to grievants such as himself, it applies only to "investigatory materials" and the letter at issue is merely a notice of intent not to file charges, not an "investigatory material."

{¶ 12} In their reply, appellants argued that Gov.Bar R. V(8)(A)(1) specifically limits any claimed First Amendment right to disclose "all proceedings, documents, and deliberations relating to review, investigation and consideration of grievances" prior to a probable cause determination. Appellants argued further that Section 8 of Gov.Bar R. V contains nothing that limits its application to only grievance committees, disciplinary counsel, and their respective staff members who participate in conducting investigations of misconduct, as asserted by Davis, and further, that Davis's interpretation of Gov.Bar R. V(8) would render meaningless the policy behind the rule, which is to protect attorneys from the public disclosure of grievances unless there is a probable cause finding. *See In re Disqualification of Kreuger*, 74 Ohio St.3d 1267, 1268, 657 N.E.2d 1365 (1995) ("[D]isciplinary complaints remain private until and unless formal proceedings begin before the Board of Commissioners on Grievances and Discipline.").

{¶ 13} Appellants noted that the website for the Office of Disciplinary Counsel specifically states that all disciplinary investigations are considered confidential under Gov.Bar R. 8 and that the grievant is prohibited from advising others about the filing. Appellants noted further that the Supreme Court of Ohio does not publish on its attorney directory website grievances with no finding of discipline and suggested it would therefore be incongruous to allow Davis's counsel, as a member of the bar, to publicly disclose such a grievance.

{¶ 14} The trial court denied appellants' motion to strike and this appeal followed.

## II. Law and Analysis

### A. Final Appealable Order

{¶ 15} After appellants filed their notice of appeal, this court sua sponte ordered the parties to "show cause why the order being appealed should not be dismissed per R.C. 2505.02 and in light of *Blue Technologies Smart Solutions L.L.C. v. Ohio Collaborative Leaning Solutions, Inc.*, 8th Dist. Cuyahoga No. 110501, 2022-Ohio-1935." Both parties filed responsive briefs. Appellants contend that the order is a final appealable order under R.C. 2505.02(B)(1) and (4). Davis contends that this court lacks jurisdiction to consider appellants' interlocutory appeal.

{¶ 16} This court has a duty to examine, sua sponte, potential deficiencies in jurisdiction. *DMS Constr. Ent., L.L.C. v. Homick*, 8th Dist. Cuyahoga No. 109343, 2020-Ohio-4919, ¶ 37. Appellate courts are courts of limited jurisdiction confined to reviewing only final orders of lower courts. Ohio Constitution, Article I, Section

3(B)(2). "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, #93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6.

{¶ 17} Under R.C. 2505.02, an order is a final order that may be reviewed, affirmed, modified, or reversed, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in an action.

{¶ 18} Appellants contend that the trial court's order denying their motion to strike the "inflammatory" material in paragraph four of Davis's complaint and the letter from the grievance committee attached to his complaint is a final appealable order under R.C. 2505.02(B)(1) because Yuspeh has a substantive right to privacy regarding the disclosure of uncertified grievances. This argument fails because it does not address the other requirement of R.C. 2505.02(B)(1); i.e., that the trial court's order determines the action and prevents a judgment. Even if Yuspeh has a substantive right to privacy regarding the disclosure of uncertified grievances, the

trial court's order denying appellants' motion to strike does not determine Davis's legal malpractice action nor prevent a judgment in favor of appellants in the action.

{¶ 19} With respect to appellants' argument that the trial court's order denying their motion to strike is a final appealable order under R.C. 2505.02(B)(4), we note that R.C. 2505.02(A)(3) defines a "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, * * * discovery of privileged matter." Although this case does not involve a discovery dispute, the trial court's interlocutory order denying appellants' motion to strike allows the disclosure of allegedly confidential material and, therefore, we consider whether the final, appealable order requirements of R.C. 2505.02 have been satisfied such that we can consider this appeal.

{¶ 20} Each case requires an individualized analysis applying a three-part test for an order involving a provisional remedy. *Blue Technologies*, 8th Dist. Cuyahoga No. 110501, 2022-Ohio-1935, at ¶ 26. That test requires (1) a "colorable claim" that the order at issue requires the production of material covered by privilege; (2) a showing that the order at issue determines the action and prevents a judgment favorable to the appellant on the issue; and (3) a demonstration that review after final judgment does not constitute an adequate remedy. *Id.* at ¶ 27, 31, and 32.

{¶ 21} The first prong requires that appellants demonstrate a "colorable claim" that the order at issue would allow the disclosure of allegedly privileged material. Appellants refer us to *Everage v. Elk & Elk*, 159 Ohio App.3d 220, 2004-

Ohio-6186, 823 N.E.2d 516, ¶ 11 (3d Dist.), wherein the court held that the trial court had erred in ordering the defendant law firm to produce for in camera review copies of uncertified grievances regarding attorney misconduct filed against the law firm by former clients. Upon construing the confidentiality provision of a former version of Gov.Bar R. V, which like the version quoted above distinguished between uncertified and certified grievances, the court found that "the Supreme Court of Ohio created a substantive right of privacy upon a respondent attorney with respect to the disclosure of uncertified grievances," and that a trial court may not infringe this substantive right by ordering discovery of records regarding uncertified grievances. *Id.* at ¶ 11. In light of *Everage*, we find that appellants have made a colorable claim that the trial court's order denying their motion to strike allows the disclosure of privileged material.

{¶ 22} The next prong of the test requires us to determine whether the trial court's order determines the action and prevents a judgment favorable to appellants on the issue. *Blue Technologies* at ¶ 27. We find that it does. By denying appellants' motion to strike, the order determines the issue regarding disclosure of the uncertified grievance and prevents a judgment in favor of appellants on this issue. Accordingly, the order determines the action relative to the provisional remedy.

{¶ 23} Finally, appellants must show that review after final judgment does not constitute an adequate remedy. *Blue Technologies*, 8th Dist. Cuyahoga No. 110501, 2022-Ohio-1935, at ¶ 32. Appellants contend that a postjudgment appeal would be meaningless or ineffective because they have a substantive right to privacy

in Davis's grievance because it was never certified to the Board. They contend that because the docket is public, the continuing disclosure of the uncertified grievance exposes them to potential scorn, ridicule, and possibly irreparable reputational harm in the legal community and with prospective clients. They contend that under such circumstances, a postjudgment appeal would be ineffective because one cannot "unring the bell" of reputational harm suffered as a result of the disclosure of an uncertified grievance.

{¶ 24} We find this to be an adequate showing that the potential harm of continued disclosure of the uncertified grievance extends beyond the case being litigated and cannot be rectified by a later appeal. Appellants have made an adequate showing that an appeal after final judgment would be an inadequate remedy. Accordingly, we conclude that the trial court's order denying appellants' motion to strike is a final, appealable order and, therefore, we have jurisdiction to consider the merits of appellants' appeal.

## III. Merits of the Appeal

{¶ 25} In their single assignment of error, appellants contend that the trial court abused its discretion and committed an error of law in denying their Civ.R. 12(F) motion to strike Davis's references to and inclusion of the grievance committee's letter in his complaint.

{¶ 26} Civ.R. 12(F) provides that upon motion, a trial court "may order stricken from any pleading an insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter."

"Immaterial" allegations are generally defined as those that have no bearing on the subject matter of the litigation. "Impertinent" allegations have been defined as statements that do not pertain or are not necessary to the issues in question. A "scandalous" allegation generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.

*Lockhart v. Bodner*, Hamilton C.P. No. 0911879, 2010 Ohio Misc. LEXIS 516, 1 (June 30, 2010), quoting *New Day Farms, L.L.C. v. Bd. of Trustees of York Township*, S.D. Ohio No. 2:08-CV-1107, U.S. Dist. LEXIS 130429, 8 (June 10, 2009).

{¶ 27} The determination of a motion to strike is within a trial court's discretion and will not be reversed absent an abuse of such discretion. *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 13. But where the dispute involves an alleged privilege, it is a question of law that must be reviewed de novo. *DeMarco v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 100192, 2014-Ohio-933, ¶ 13, citing *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.

{¶ 28} "Civ.R. 12(F) motions are disfavored and are ordinarily not granted unless the language in the pleading at issue has no possible relation to the controversy and is clearly prejudicial." *Lewis v. Horace Mann Ins.*, 8th Dist. Cuyahoga No. 82530, 2003-Ohio-5248, ¶ 42, citing *Hagins v. Eaton Corp.*, 8th Dist. No. 64497, 1994 Ohio App. LEXIS 1400 (Mar. 31, 1994).

{¶ 29} Appellants first contend that the trial court erred in denying their motion to strike because the Ohio Supreme Court created a "substantive right of

privacy" with respect to the publication of uncertified grievances. They point to Gov.Bar R. V(8) regarding public access to attorney disciplinary documents and proceedings, which, as noted above, states that prior to the determination of probable cause by the Board, "all proceedings, documents, and deliberations relating to review, investigation, and consideration of grievances shall be confidential." They also cite *Everage,* 159 Ohio App.3d 220, 2004-Ohio-6186, 823 N.E.2d 516, in which, as noted above, the court found that the Supreme Court of Ohio created a substantive right of privacy upon a respondent attorney with respect to the disclosure of uncertified grievances. *Id*. at ¶ 11.[3]

{¶ 30} They further contend that in addition to the plain language of Gov.Bar R. 8 and the *Everage* decision, the Ohio Supreme Court has reiterated on several occasions that documents and proceedings related to uncertified grievances are confidential. For example, in *In re Disqualification of Krueger*, 74 Ohio St.3d 1267, 1268, 657 N.E.2d 1365, the Ohio Supreme Court cautioned attorneys that "disciplinary complaints remain private until and unless formal proceedings begin before the Board of Commissioners and Grievances and Discipline." In *Disciplinary Counsel v. Pullins*, 127 Ohio St.3d 436, 2010-Ohio-6241, 940 N.E.2d 952, the Supreme Court indefinitely suspended attorney Pullins in part because Pullins publicly disclosed in an affidavit of disqualification filed with the Ohio Supreme

---

[3] When *Everage* was decided, Gov.Bar R. V stated that "all proceedings and documents relating to review and investigation of grievances made under these rules shall be private." The rule further provided that once a complaint was certified by a probable cause panel, the complaint was available to the public, although the deliberations by the panel and the Board remained confidential.

Court that he had filed three grievances against the judge whom he sought to be disqualified. The court found that although an attorney could state the facts underlying a grievance in an affidavit of disqualification, it was improper under the privacy provisions of then Gov.Bar R. 11(E) "for an attorney to state in an affidavit of disqualification that the attorney has filed a disciplinary grievance against [a] judge when the grievance has not been certified as a formal complaint." *Id.* at ¶ 15.

{¶ 31} Appellants note that in *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office,* 133 Ohio St.3d 139, 2012-Ohio-426, 976 N.E.2d 877, the Ohio Supreme Court broadly interpreted prior versions of the confidentiality provisions of Gov.Bar R. V and reiterated that all proceedings *and documents* "that would relate to [the] review and investigation of grievances" were private. *Id.* at ¶ 30. In *McCaffrey*, the Ohio Supreme Court also found that "the rules safeguarding the confidentiality of the grievance process apply not only to participants in the process, but to all attorneys." *State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Commt.*, 2d Dist. Montgomery No. 27123, 2017-Ohio-9394, ¶ 59, citing *McCaffrey* at ¶ 30.[4] Accordingly, appellants contend there is no question that Davis directly violated the rules promulgated by the Ohio Supreme Court when he filed his

---

4 In 2015, "Rule V was revised to 'more clearly address confidentiality of proceedings and the public nature of most post-probable cause proceedings.' Former Rule V, Section 11(E), which previously covered confidentiality and privacy during the disciplinary process, was rewritten as current Rule V, Section 8." *Parisi* at ¶ 57, quoting Board of Professional Conduct, Summary of Amendments to Gov.Bar R. V [Disciplinary Procedure] and Procedural Regulations of the Board of Professional Conduct. The rewritten rules did not change the general policy of confidentiality in attorney discipline matters, however. *Parisi* at ¶ 58.

complaint and included quotations from the certified grievance committee's letter dismissing his complaint for lack of probable cause and attached the letter as an exhibit to the complaint. Therefore, they contend there is likewise no question the trial court erred in denying their motion to strike.

{¶ 32} Davis asserts, however, that the cases cited above do not demonstrate that the allegations in paragraph four of his complaint and the attachment of the letter from the grievance committee to his complaint were in any way improper. First, he contends that he is not bound by the confidentiality provisions of Gov.Bar R. V(8) regarding his grievance against Yuspeh because Gov.Bar R. IV specifies that the rules of professional conduct are binding "upon all persons admitted to practice law in Ohio" and he is not a lawyer. This argument is without merit. In *McCaffrey*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, at ¶ 30, the Ohio Supreme Court made clear that "the rules safeguarding the confidentiality of the disciplinary process apply not only to participants in the process, but to all attorneys." *Parisi* at ¶ 59, citing *McCaffrey* at *id*.

{¶ 33} Davis's assertion that the confidentiality requirements of the Governing Bar Rules apply only to the attorneys on the grievance committee and Board who are adjudicating the grievance is likewise unavailing. *See, e.g., Disiplinary Counsel v. Oviatt*, 155 Ohio St.3d 586, 2018-Ohio-5091, 122 N.E.3d 1246, ¶ 11, 14 (in a brief in opposition filed in a civil suit in common pleas court, by referring to and attaching portions of a disciplinary complaint he had filed against appellate judges, the lawyer violated Gov.Bar R. V(8)(A)(1) by making the complaint

a public document). In short, the confidentiality provisions of Gov.Bar R. V(8) apply to Davis as a participant in the process and to his lawyer.

{¶ 34} Davis next asserts that the confidentiality provision of Gov.Bar R. V(8)(A)(1) applies to "all proceedings, documents, and deliberations relating to review, investigation, and consideration of grievances," and accordingly, does not "bar discussion of the mere fact that a grievance has been filed and is being (or has been) investigated." (Appellee brief, p. 14). This argument is specious. By disclosing the contents of the grievance committee's letter in his complaint and attaching the letter to his complaint, Davis did much more than merely "discuss" the fact that he had filed a grievance against Yuspeh and the grievance had been investigated. Rather, Davis deliberately disclosed confidential communications regarding the grievance committee's "proceedings * * * and deliberations relating [to its] review, investigation, and consideration" of his grievance against Yuspeh, in direct violation of Gov.Bar R. V(8)(A)(1).

{¶ 35} Davis next contends that Gov.Bar R. V(8) applies only to "investigatory materials" and because the committee's letter is merely a notice of intent not to file charges, the confidentiality requirements of Gov.Bar R. V(8)(A)(1) do not apply to his use of the letter. This argument is likewise without merit. The rule applies to "all * * * documents * * * *relating to* review, investigation, and consideration of grievances" prior to certification of a grievance to the Board by a probable cause panel. (Emphasis added.) The committee's letter to Davis informing him that it was dismissing his grievance for lack of probable cause is obviously a

document *relating to* the committee's review, investigation, and consideration of his grievance. *See State ex rel. Parisi v. Heck*, 2d Dist. Montgomery No. 25709, 2013-Ohio-4948, ¶ 11 ("Insofar as the work product documents *are related* to the grievance filed against Parisi in the supreme court, they are exempted from disclosure * * *." (Emphasis added.)) Furthermore, the letter was clearly produced as a result of the committee's investigation of Davis's grievance; thus it is an "investigatory material."

{¶ 36} Finally, Davis contends that he has a First Amendment right to refer to the letter in his malpractice action and that appellant's requested relief — that the quotes from the letter in his complaint and the letter itself be stricken — violates his right to do so. We disagree.

{¶ 37} In *Small v. Ramsey*, 280 F.R.D. 264 (N.D.W.Va. 2012), State Farm objected to the court's imposition of a protective order prohibiting dissemination of the plaintiff's medical records, arguing that any protective order would violate its First Amendment right to disseminate and use lawfully obtained information. The district court disagreed, finding that "[t]he obtaining of [plaintiff's] medical records through discovery in the within civil action does not constitute speech * * *. State Farm and Nationwide's desire to further disseminate [the plaintiff's] records once they get their hands on them does not convert those records to 'protected expression.'" *Id*. at 282.

{¶ 38} We reach the same result here. Davis is claiming a First Amendment right to disseminate the statements of a third party, the certified grievance

committee.  The statements in the letter are not Davis's statements and, therefore, his possession of the letter does not implicate his First Amendment rights to use and disseminate information contained in the letter.   The grievance committee's letter does not constitute speech by Davis and his desire to disseminate the letter is not protected expression under the First Amendment.

{¶ 39} Because the grievance committee's letter regarding the uncertified grievance against Yuspeh is protected from disclosure by the confidentiality provisions of Gov.Bar R. V(8)(A)(1), the trial court erred in denying appellants' motion to strike the quotations from the letter in paragraph four of Davis's complaint and the letter itself.  Accordingly, we reverse the trial court's judgment.

{¶ 40} Paragraph four of the complaint and the letter from the grievance committee attached as exhibit No. 1 to the complaint are ordered stricken from the record.  Davis is ordered to file a new complaint that does not contain the allegations ordered stricken nor the letter from the grievance committee.  A separate entry will issue to the clerk of the common pleas court ordering that the original complaint and attachments be sealed and made unavailable for any public access.

{¶ 41} Judgment reversed.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY J. BOYLE, J., CONCUR